JACOB WEILAND v. PETER EHLERS, Appellant.

**Accounting:** EVIDENCE. On the issue of settlement in an action for an accounting, testimony of one party is properly admitted that the other told him that he had not figured up his account and did not know how they stood.

**Amendments:** CURING VARIANCE: *Discretion.* In an action for an accounting, there was a plea of full settlement, and evidence which tended to show special settlements, and that there were mistakes if not fraud, in them, and which warranted a finding that there had been no full and final settlement, and that defendant was not misled by a claim of fraud and mistake set up by an amendment filed by plaintiff, without leave, after verdict. *Held,* that under Code, section 3597, making variance between pleading and proof immaterial unless it has actually misled the adverse party to his prejudice, and section 3598, permitting the court, the variance not being material, to direct the fact to be found according to the evidence and order an immediate amendment, it was not an abuse of discretion to permit the amendment to stand.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, JANUARY 19, 1899.

FROM the petition, answer, and counterclaim, and the amendments thereto, and the reply, it appears that this is an action for an accounting, and that the defendant pleads full settlement, which the plaintiff denies. Verdict and judgment were rendered in favor of the plaintiff for two hundred

and forty-seven dollars and eighteen cents. Defendant appeals.—*Affirmed.*

*Harl & McCabe* for appellant.

*Robertson & Kimball* for appellee.

GIVEN, J.—I.   Plaintiff was indebted to various parties, some of whom held mortgages on his personal property as security.   At plaintiff's instance the defendant paid certain of these claims, and on account thereof, and of other indebtedness from the plaintiff to the defendant, the plaintiff, at different times, delivered to the defendant corn, hogs, and other personal property.   There are issues as to the items and amounts claimed by each and as to whether there was a full settlement.   The court instructed the jury that, if there was a settlement between the plaintiff and defendant, it would be a bar to recovery by either party, excepting for such balance as was found due on such settlement; that they should decide whether the settlement pleaded by the defendant was shown,—if not, they should determine the amount in favor of each party on his claim, and find the verdict for the party in the amount of the balance.   After verdict the defendant filed a motion for a new trial, and, after the same was submitted, the plaintiff filed an amendment to his reply, alleging that, if any settlement was made, it was made "by mistake or fraud, and involuntarily by duress, and under fear of defendant's seizing plaintiff's property under mortgages held by defendant, which had at that time been satisfied, but of which satisfaction the plaintiff at that time had no knowledge." Defendant moved to strike this amendment, on the ground that it was filed too late, without leave, and that it entirely changes the issues, and gives defendant no opportunity to be heard in evidence or argument, and is not in furtherance of justice.   This motion and the motion for new trial were overruled, and judgment rendered.

Defendant insists that the court erred in not striking said amendment to the reply, and cites Code, section 3600,

providing that the court may, in furtherance of justice, permit amendments, inserting certain allegations material to the case, "when the amendment does not change substantially the claim or defense by conforming the pleading or proceedings to the facts proven." Section 3597 provides that "no variance between the allegations in the pleading and the proof is to be regarded as material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." Section 3598 provides: "When the variance is not material the court may direct the fact to be found according to the evidence, and order an immediate amendment without costs." The defendant kept the accounts of these transactions, and there is evidence tending to show that there were special settlements; that is, that when certain items of property were delivered to the defendant, they were settled for by part payment, and by crediting the balance of the price. There is evidence tending to show mistakes, if not fraud, in these settlements; and under the evidence the jury was warranted in finding that there had been no full and final settlement including all items. The evidence as to settlements is such as to show that the defendant was not misled as to the claim of fraud and mistake. We think the court did not abuse its discretion in permitting this amendment to the reply to stand.

Defendant insists that the court erred in permitting the plaintiff to testify that defendant told him to bring in wheat and corn, that he had not figured up his account, and did not know how they stood. It is insisted that this was immaterial under the pleadings, but, in the view we take of the pleadings, it was not so. Defendant's contentions throughout are based upon the claim that this is not an action calling for a balance of the accounts between the parties, and that the items of property delivered to the defendant were not sales, but payments, and that the action is to recover as for property sold. We think that, taking all the pleadings into consideration, they fairly present an action

in which each party disputes the claims of the other, and asks to be allowed the claims made by him. We find no error in the rulings of the court, and think the verdict is sustained by the evidence.—*Affirmed.*