Ed Boyd, Appellee, v. Buick Automobile Company, Appellant.

**PLEADING:** Amendment—Stage at Which Allowable. The filing of a motion in arrest of judgment, based upon the then condition of the pleadings and evidence, arms the opposite party with right to so amend the pleadings that the pleadings will conform to the proof. So held where the amendment changed the allegation as to the state under the laws of which defendant was organized.

**PLEADING:** Amendment—"Defective" Pleading. A pleading, not defective on its face, may be *defective* in fact, and therefore amendable even as late as argument on a motion for new trial, judgment *non obstante*, or in arrest of judgment. (Secs. 3600, 3760, Code, 1897.) So held where, on defendant's motion for new trial, plaintiff amended by changing the name of the state under the laws of which defendant was organized.

**APPEAL AND ERROR:** Harmless Error—Amendments—Theory of Case. One may not predicate error on the claim that, up to the close of the evidence, he was inferentially charged as the *manufacturer* of the article in suit, and, by a belated amendment, as the mere *seller*, when the record reveals the fact that the cause was tried throughout on the theory that the one complaining was a seller only.

**PLEADING:** Amendment—Surprise. One may not predicate "surprise" on the belated filing of an amendment when, prior to the filing of the said amendment, he himself alleged that to be true which the amendment alleged to be true.

**APPEAL AND ERROR:** Right of Review—Motion for Directed Verdict—Waiver. Principle reaffirmed that he who moves for directed verdict at the close of his adversary's evidence, meets an adverse ruling, proceeds to introduce his own evidence, and does not *then* renew his motion, waives the ruling on his mo-

tion, but not the right, on motion for new trial, to urge that the verdict is against the evidence.

**SALES:** Rescission—Action for Fraud and Deceit. The rules of law governing rescission are in no wise involved in an action by the buyer to recover for the fraud and deceit of the seller in effecting the sale.

**TRIAL:** Instructions—Applicability to Issues. Instructions non-applicable to the issues are properly rejected. So held as to offered instructions defining the limitations governing rescission of sales, the action not being based on rescission, but upon fraud and deceit in the sale.

**EVIDENCE:** Presumptions—Retrospective Presumption—Condition of Machinery. On the issue whether the seller of an electric bus fraudulently represented it to be a *new* bus, when in truth it was an *old* one, evidence that certain serial numbers originally upon parts of the machinery were, *at a time subsequent to the sale*, found to have been chiseled off, is not, alone and by itself, admissible.

**FRAUD:** Evidence—Scienter—Failure to Exercise Care to Know Truth of Representation. Failure to exercise reasonable care to ascertain whether an asserted fact is true does not, alone and by itself, establish *scienter*.

*Appeal from Polk District Court.*—Hugh Brennan, Judge.

DECEMBER 21, 1917.

The plaintiff complains that he suffered loss because of various representations which induced him to buy an electric bus of the defendant. Plaintiff had verdict, and defendant appeals.—*Reversed and remanded.*

*Chester J. Eller,* for appellant.

*E. J. Salmon* and *Miller & Wallingford,* for appellee.

1. PLEADING: amendment: stage at which allowable.

Salinger, J.—When defendant was arguing its motion for new trial, plaintiff got leave to amend its petition, and filed an amendment, the effect of which is to change

an allegation that defendant is a Michigan corporation to one that it is a Nebraska corporation. The amendment was offered to, and did, conform to evidence that defendant is a Nebraska corporation. The first complaint of allowing this amendment is that Section 3760 of the Code "does not per-mit any amendment to be filed that would change the issue in order to conform to the undisputed proof or preponder-ance of proof as to any issue where such amendment is of-fered after the issues are joined and evidence offered by both parties and cause submitted." This complaint is not ad-dressed to permitting an amendment which makes a change to conform to the proof, but to the stage of the cause at which the amendment is tendered. In *Halligan v. Keller*, 167 Iowa 72, we sustained allowing amendment by the pre-vailing party after he had verdict upon direction. In *Weil-and v. Ehlers*, 107 Iowa 186, at 187, we sustained refusal to strike an amendment to reply which was filed without leave after defendant's motion for new trial had been submitted.

Defendant filed what it denominates a motion *non ob-stante veredicto*, but which is, in effect, a motion in arrest of judgment, and is based upon the failure to implead the Ne-braska corporation. The very making of such a motion gave plaintiff the right to obviate the fault in pleading upon which the motion was based. *Heald v. Western Union Tel. Co.*, 129 Iowa 326, at 328; *Decatur v. Simpson*, 115 Iowa 348, at 351.

2. PLEADING:
amendment:
"defective"
pleading.

Now, the statute (3760) that permits amendment after verdict does so where amendment seems necessary because of some-thing urged in motion for new trial, or in one for judgment notwithstanding the verdict, or one in ar-rest of judgment. But it permits this only as to "defective pleading." And appellant says that a petition which states a cause of action is not defective; that a petition which im-pleads a Michigan corporation states a cause of action, and

is not made defective because it appears in the evidence that the wrong party is sued. This was not the view taken by appellant in its motion for judgment *non obstante,* which asks what it does on the ground that, with the petition remaining unchanged, plaintiff has a judgment upon which nothing can be done except to issue execution "against the property of a foreign corporation of Michigan if in this state, or wherever it might be found." That makes it his present position that a petition is not defective which, through a mistake correctable by amendment, makes the judgment practically worthless. Such a pleading, to be sure, exhibits no defect upon its face, but it surely is defective in fact. We think there was a defect which is amendable under Section 3760. If that be not so, yet the petition was amendable under Section 3600, which prohibits substantial change of claim or defense, but limits the prohibition where such change is made by conforming the pleading to the proof, and which permits certain amendments to be made whether their making does or does not effect a change of issues. It provides that the court may "at any time" permit amendment by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case. It is only as to amendments conforming the pleadings to the proof that the amendment must "not change substantially the claim or defense." This amendment, by substituting one party for another, both added and struck out the name of a party, it corrected a mistake in the name of a party, it corrected a mistake in an "other respect," because it corrected a mistaken allegation as to who was responsible to plaintiff. As has been seen, it inserted an allegation most "material to the case." It follows that, if the right to allow the amendment were not sustained by Section 3760, it is sustained by Section 3600.

The next complaint of permitting the

**3. APPEAL AND ERROR: harmless error: amendments: theory of case.**

amendment is that the Michigan corporation is a manufacturer, and is held to a stricter accountability as to knowing defects in what it sells than is a mere seller, such as it is said the Nebraska corporation is; that the verdict was induced by the fact that a manufacturer was the defendant; and that it is manifestly unfair to allow the substitution of a mere seller, and thus to burden him with what might never have been done, had the jury known the defendant was not the manufacturer. If these deductions be conceded to be logical, it is still important to consider the tenability of the premises upon which they rest. When that point is reached, it is found that the case was submitted on the theory that the defendant was a seller; that no proof was made that the Michigan corporation was the manufacturer; and that it was made responsible only if false representations, *scienter*, and reliance were found,—all that a mere seller could ask.

The amendment whose permission is

**4. PLEADING: amendment: surprise.**

challenged discloses that the defendant was duly served with notice upon an officer of the corporation incorporated under the laws of Nebraska, the petition erroneously alleged that it was incorporated under the laws of Michigan, defendant appeared to this and admitted that it was a corporation duly organized under the laws of Michigan. Still later, defendant filed a substituted answer, in which it alleged that the company made defendant is a corporation duly organized and existing under the laws of the state of Nebraska, and had nothing to do with the car company incorporated under the laws of the state of Michigan. It is self-evident the amendment could not have surprised nor misled the actual defendant, because, while it at first joined in the error of the petition, it afterwards alleged that to be true which the amendment to petition complained of declares.

II. Appellant inquires "for what reason should this court not now reverse the lower court upon this motion to a directed verdict? Why should the defendant be compelled to try a case of this kind again, without the slightest pretense of fraud?"

5. Appeal and error: right of review: motion for directed verdict: waiver.

Perhaps one reason is that, since the motion to direct verdict was made at the close of the testimony for plaintiff, and defendant thereafter introduced evidence, and did not renew the motion, he cannot prevail on the motion, under a half a dozen decisions to that effect made by this court within a year last past.

This situation, however, does not take away the right to urge, on motion for new trial, that the verdict is against the evidence. That claim, too, is made. But we think it is untenable, and that the verdict cannot be disturbed on that ground.

III. Since there must be a new trial, whether motion for new trial should have been sustained on the claim of newly discovered evidence is a purely academic question.

So of the claim of misconduct by putting in false testimony. We think it is not well made. But if it were, it would but obtain the new trial which is got without it; and the alleged misconduct might not be repeated on the new trial.

IV. While to do so is not wholly free from difficulty, we gather one complaint to be that plaintiff has waived the right to rescind, because of his conduct after he discovered defects in the vehicle sold; that attempted rescission was not within a reasonable time, because it was demonstrated to his entire satisfaction, before he made final payment, and after equal opportunity to the seller to examine, that the truck sold him was as good as it had been represented to be. This is coupled with an argument this

6. Sales: rescission: action for fraud and deceit.

is so because no artifice or deceit was practiced upon the plaintiff, and that it appears from the evidence plaintiff cannot place defendant *in statu quo.*

If the failure to subject plaintiff to artifice or deceit has any relevancy to whether he made timely rescission, and can place the other party *in statu quo,* it has already been said that whether such were practiced was a question for the jury. Since the jury found fraud and artifice were practiced, it is manifest that the failure to rescind within a reasonable time, and inability to restore the status, cannot affect the right of the plaintiff to sue for his damages. This is so of the alleged demonstration that the vehicle had no defect, and of attempts by plaintiff to have same repaired. The rules on rescission do not seem to be involved at all. Plaintiff could maintain the suit he instituted, though he elected to affirm the contract after knowledge of the fraud. He could do this, and recover damages caused by the fraud. See *Rice v. Friend Bros. Co.,* 179 Iowa 355. This, of course, carries with it the complaint that the instructions did not refer to what is a reasonable time wherein to rescind, and to what facts are necessary to maintain rescission.

We see no force in the related claim that, because plaintiff, in reliance on the guaranty received by him, continued to use the car after discovering defects therein, he waived the right to rescind, and failed to rescind within a reasonable time.

### 4-a

7. TRIAL: instructions: applicability to issues.

In some way, there is connected with what is claimed both for rescission and failure to rescind, some theory concerning the divisibility of the contract. It is said the court erred in refusing certain instructions, because a rescission of a divisible contract will not be allowed for a breach which does not go to the whole of the consideration. This seems to be based on the claim that the evidence of

plaintiff shows that, if there was a breach of a written guaranty given, the breach was simply as to the truck part, and that the body was ordered for the special purpose of the plaintiff, and is unobjectionable, and that, so, the right to rescind exists only as to the truck. Complaint is made of refusing instructions that submit this theory. Assuming, for the sake of argument, that this charge should have been given if the right to rescind or the limitations upon that right were really involved in the theory of the trial, the answer is that they were not involved. On the question of damages sustained because of fraud, it was entirely immaterial to define the limitations of rescission as a guide for dealing with a divisible contract. It might have been proper to say to the jury that, in determining the amount of damages due to fraud, if it found fraud, it could not take into consideration anything more than the actual condition of part of the property sold; but no such instruction as that was tendered.

### 4-b

Further complaint is made of refusal of an instruction, in effect, that a mere failure to perform an agreement never constitutes fraud. This is bottomed on the claim that plaintiff was suing for a breach of a written guaranty given him at the time that the alleged fraudulent representations were made. The answer is that the claim of plaintiff is not so bottomed. He is not suing for breach of warranty. While that may not be material, our understanding is that defendant introduced the warranty. It was not error to refuse this instruction.

V.   Some months after the sale, and during which time the vehicle was in the possession and control of the plaintiff, certain witnesses for the plaintiff found that, at that time, certain numbers originally placed upon parts of its machinery had been chiseled off. Over the ob-

8. EVIDENCE: presumptions: retrospective presumption: condition of machinery.

jection of the defendant, this testimony was received. Appellant says it should not have been admitted, without evidence from which the jury could find that these numbers had been removed before the alleged representations concerning its being a new machine were made. The only answer attempted by the appellee is that plaintiff did, in effect, testify that the vehicle was in the same condition when these witnesses examined it as it was during all the time he had it, and that the "so-called connecting link alleged by counsel to have been absent was contained in the testimony of Boyd." The court made a recovery for the plaintiff allowable if either the chassis or the engine were not new. If, then, we find, as we think we must, that there is no evidence of the connecting link, so-called, beyond a showing that the vehicle generally remained to all appearances as it was when delivered, then here was material error. The plaintiff tendered this testimony in support, of course, of his allegation that the seller made false statements with intent to deceive, to the effect that, among other things, the engine was absolutely a new one: i. e., of new model or make. Serial numbers of the character under consideration indicate, as a rule, whether the engine is of such make. The jury could hardly fail to find—and undoubtedly the evidence was put in to help it find—that the seller knew, when he represented an old engine to be a new one, that the statement was false, because he attempted to conceal his fraud by destroying the evidence thereof which these numbers furnish. Now, while it may be unlikely that someone other than the seller took the trouble to chisel off these numbers after the machine came into the possession of the plaintiff, such things have been done out of pure mischief. At any rate, the jury was not justified in finding that it was done by the seller, merely because, later than the selling, the chiseling off was found. There is no presumption that a state of things found to exist has existed for any consid-

erable time before being discovered. There was a time when only a few minutes intervened between the time when the numbers existed and the time at which they were taken off. Presumption will not determine the instant in the past at which the change took place. This disposes of the argument for appellee that all this might as well be said against the testimony that these witnesses found the engine to be a rebuilt one. It is an exception to the rule, if, indeed, it be not part of the rule, that presumptions will work retrospectively if what is found must of necessity have been of long standing. When the engine was found to be a rebuilt one, it could fairly be presumed that the condition existed before the buyer received it. The testimony that the numbers were chiseled off should not have been received.

VI.   We do not agree with appellant that there was no jury question on whether the seller knew the representations made were false in fact; nor do we agree that the court enabled the jury to allow plaintiff a recovery although they found that the representations were not, in fact, false.

9. FRAUD: evidence: scienter: failure to exercise care to know truth of representation.

It is conceded the seller stated to the buyer that the truck was a new truck, but it was insisted in testimony that this was true, or that, at any rate, the agent who did the selling believed it was, and knew nothing to the contrary. The real complaint is —or at least the objections to the instructions given develop no other—that the court, in Instruction 5, charged the jury that fraudulent knowledge of the falsity of representations can be established, for one thing, if it is shown that, "by the use of reasonable care and observation, the defendant should have known that said statements were false."

The writer has never been entirely satisfied with the interpretation given by *Davis v. Central Land Co.*, 162 Iowa 269, to *Boddy v. Henry*, 113 Iowa 462. But there seems to be no necessity of going into that question here, because

the instruction now in consideration goes beyond what any reasonable interpretation of the *Davis* case authorizes. The utmost that can be claimed for the last named decision is that, in the course of its argument, it is said and fortified by authority that the failure to use reasonable care to ascertain whether something positively alleged to be true is not false, may be evidence that the representer did not believe that to be true which he asserted to be true. So far as we are advised, it has never yet been held that, standing alone, failure to perform a duty to exercise such reasonable care establishes *scienter*. That is, in effect, what this instruction charged. It does not stop with saying that such negligence, with other circumstances, may prove the fraudulent intent, but says, in effect, that failure to do said duty will justify a finding by the jury that false representations were made, with knowledge that they were false.

In our opinion, the judgment below should be reversed because of said error in receiving testimony and the giving of said instruction.—*Reversed and remanded.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.