[No. 1700, February 25, 1915.]

## DURRETT v. CHICAGO, R. I. & P. RY. CO.

### SYLLABUS BY THE COURT.

1. Where a party signs a request to a railroad company to continue a shipment of cattle in transit for not to exceed 36 hours, without consideration to the signer or detriment to the railroad company, he may revoke such request.

P. 117

2. Act of Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. 1913, § 8651), which fixes the time cattle can be kept in transit by the railway company at 28 hours, is not a grant of privilege to the carrier authorizing it to confine the stock for the period of time therein mentioned, irrespective of the question of negligence in so doing. The question of negligence is still left as at common law, notwithstanding the statute.

P. 118

3. Subsection 82 of section 2685, Comp. Laws 1897, authorizes the amendment of a complaint, at any time before final judgment, by adding the name of the party plaintiff.

P. 119

Appeal from District Court, Quay County; Leib, Judge.

Action by C. W. Durrett against the Chicago, Rock Island & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

EDWIN MECHEM of Alamogordo, for appellant.

The court erred in refusing to give the first requested instruction, which was to the effect that plaintiff waived

all claims for damages because of his written request made to defendant to keep the cattle in question on the train not exceeding thirty-six hours. We are unable to find any authorities on the question.

The giving of the fifth instruction was error, because the shipment was interstate, and therefore controlled by the United States statutes. Act June 29, 1906, 34 Stats. At Large, 607, U. S. Com. Stats. Supp. 1909, 1178.

The time which cattle can be kept in transit is fixed at 28 hours.

U. S. v. Northern Pac. Co., 186 Fed. 947.

The court had no power to add an additional party plaintiff by trial amendment.

HARRY H. McELROY of Tucumcari, for appellee.

Is the written waiver of a legal right, without consideration, irrevocable and binding upon the party making same, where the party to whom the waiver is made has not acted upon it, and has not been put to any disadvantage by reliance upon same? A consideration of some sort is essential to the forming of a contract. Blackstone's Commentaries. The United States has recognized the danger of permitting carriers to limit their liability.

Sec. 7, 34 Stats. at Large, 594, Fed Stats. Ann. 1909, Supp. 273.

Where the stipulation is for the purpose of relieving the carrier from its common law liability or from its negligence, or that of its servants, the stipulation is against public policy and void.

6 Cyc. 392, 3 a, note 73; 34 Cyc. 1684, note 7; Western Union Tel. Co. v. Longwell, 5 N. M. 308, 21 Pac. 339; N. Y. C. R. Co. v. Lockwood, 21 Law Ed. (U. S.) 627.

Release must be supported by consideration and it must be alleged and proved.

Joseph v. Catron, (N. M.) 1 L. R. A. (N. S.) 1120; 6 Cyc. 395, note 85; Wehmann v. Minneapolis, etc., R. Co., 58 Minn. 22, 59 N. W. 546.

The Federal act does not attempt to fix what is a reasonable time for continuous transportation of cattle in all cases, but simply undertakes to define what is an unreasonable time. The carrier is bound to take reasonable care of live stock delivered for transportation.

6 Cyc. 347.

The court had power to add an additional party plaintiff by trial amendment. No objection was made to the corrected judgment, and the error, if any there was, was harmless.

### OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the court below by appellee against the appellant to recover damages occasioned to cattle shipped over appellant railroad from some point west of El Paso to a point east of Dalhart, Texas. The grievance complained of was that appellant failed to unload said cattle for water, feed, and rest at Tucumcari, although said cattle had been without food, rest, and water for almost 28 hours when such point on appellant's line of railroad was reached and although appellant was requested by appellee to unload said cattle at such station. The complaint in the case alleged that Tucumcari was a regular station on appellant's railroad, and that it was customary to unload, feed, and water cattle at such point. The damage alleged was the death of a stated number of cattle and the injury to others.

The defense relied upon was that, shortly before the cattle arrived at Tucumcari, appellee, who was accompanying the cattle in shipment, signed a written request to the appellant company to continue the cattle in shipment from Tucumcari to Sedan, Kan., without unloading, etc., for a period not exceeding 36 hours; that, pursuant to such signed request, it carried said cattle to Dalhart, Tex., where they were unloaded within 36 hours for feeding, etc.

Appellee, in his reply, admitted signing the request set forth in the answer, but alleged that he signed the same without knowing the weakened condition of the cattle, and that, when the shipment arrived at Tucumcari, he examined the cattle and found that they could not be safely carried further without food and water, whereupon he notified the agents of appellant that he desired to unload and feed the cattle. The appellant refused to so do.

The cause was tried to a jury, which returned a verdict for appellee for $1,298.50, upon which judgment was entered. From such judgment this appeal is prosecuted.

[1] The first error relied upon by appellant for a reversal was the refusal of the trial court to give its first requested instruction, which read as follows:

"Gentlemen of the jury, you are instructed that the plaintiff signed a request asking the defendant to keep the cattle in question on the train for a period of 36 hours, and therefore waived all claims for damage arising out of the refusal or failure of the defendant to unload, feed, rest, and water the cattle at Tucumcari, N. M."

The facts, upon which this instruction was predicated, are that, about one or two hours before the cattle arrived at Tucumcari, appellee signed a request that the shipment be continued in transit for a period of time not exceeding 36 hours. When he arrived at Tucumcari and examined the cattle, he changed his mind and requested that the cattle be unloaded, fed, and watered there. Appellant does not contend that it had facilities for unloading and feeding cattle at any other place upon its line between Tucumcari and Dalhart, or between the place of signing such request and Tucumcari; its contention being that appellee, having signed the request, could not change his mind and retract, and cause it to unload, feed, water, and rest such cattle under the 36-hour period. The reason assigned by it for not unloading the cattle at Tucumcari was the crowded condition of its yard.

At common law a carrier, among his other duties, is primarily bound to provide food and water, a place for

sleeping, and, if necessary, a place for exercise, during transportation of animals intrusted for shipment. The request signed by appellee that the cattle be continued in shipment for 36 hours was without consideration moving to him, or detriment to appellant, and, so long as it remained executory, he had the right to rescind it. The railroad company does not contend that it altered its position in any way, by reason of the request, or that any consideration moved to appellee. This being true, appellee had the right, upon the arrival of the shipment at Tucumcari, to rescind the request and have the cattle unloaded. This being true, the court properly refused to give the requested instruction. The second requested instruction involved the same proposition, differently stated, and was properly refused.

[2] The court gave to the jury the following instruction:

"The court instructs the jury that the law imposes upon a common carrier, such as the defendant, the duty to furnish reasonable facilities and opportunities to care for, feed, water, and tend to stock during transportation; and if you believe from the evidence in this case that when the shipment in question arrived at Tucumcari, it was necessary for the safety of said cattle that they be unloaded and fed and watered, and that the defendant did not have at said place and at said time proper means and facilities for so doing, and that, by reason thereof, said stock was damaged, then you should allow the plaintiff such damages as he has sustained, unless you further find that the plaintiff, by his acts and conduct, waived such unloading, watering, feeding, etc., at Tucumcari, and you will assess his damages in accordance with the following instruction."

Appellant claims that this instruction was erroneous, because, as shown by the pleadings and evidence, the shipment was an interstate shipment and controlled by the United States statutes (Act June 29, 1906, c. 3594, 34

Stat. 607 [U. S. Comp. St. 1913, § 8651]), which fixes the time cattle can be kept in transit by the railway company at 28 hours. A brief excerpt from 4 R. C. L. § 451, disposes of this contention:

> "The object of the federal statute being to prohibit the confinement of animals longer than the time specified, the statute is not a grant of privilege to the carrier authorizing it to confine the stock for the period of time therein mentioned, irrespective of the question of negligence in so doing. The question of negligence, as to such confinement, is still left as at common law, notwithstanding the statute."

This being true, the instruction was not objectionable on the ground stated.

[**3**] The remaining proposition of law discussed by appellant is whether an additional party plaintiff may be added by trial amendment. Subsection 82 of section 2685 authorizes the amendment of a complaint at any time before final judgment by adding the name of a party plaintiff. This being true, the court committed no error in allowing the amendment, and the instructions requested raising this point were properly refused.

No available error having been assigned, the judgment will be affirmed; and it is so ordered.

HANNA and PARKER, JJ., concur.

### SYLLABUS BY THE COURT.