[No. 3565. Aug. 1, 1931.]

ALARID et al. v. GORDON et al.

[2 Pac. (2d) 117.]

Francis C. Wilson and Thos. H. Dodge, both of Santa Fe, for appellant D. G. Gordon.

M. W. Hamilton, of Santa Fe, for appellant City of Santa Fe.

Roberts, Brice & Sanchez, of Santa Fe, for appellees.

## OPINION OF THE COURT

WATSON, J.

Socorro Alarid sued D. G. Gordon and the city of Santa Fe for negligence resulting in personal injuries. By trial amendment to the complaint, Ricardo Alarid, husband of Socorro Alarid, was joined as a party plaintiff. The cause was tried without a jury. From a substantial judgment for plaintiffs, defendants have appealed. We find it convenient to withdraw the original opinion.

Appellant Gordon was engaged in the construction of a sewer, under contract with appellant city. At the time in question the main sewer, in mid street, had been completed and the excavation filled. From the main sewer to the property line there were nine open laterals. Appellee Socorro Alarid was proceeding, in the darkness, along a pathway "in said street along the south side thereof, adjoining the property line which was customarily used by foot passengers in traveling along said street" (finding

8), and was injured by walking into the fifth of the open laterals. This lateral was not at the time furnished with a light, barricade, or other warning sign. The street had not been closed to traffic.

The trial court found generally that appellee was at all material times exercising due care and caution and that she was not guilty of contributory negligence. He also concluded that the appellants were guilty of negligence in leaving the excavation open and unlighted, in not barricading the street against public travel and in not keeping a guard to protect the public using the street.

Appellants first contend that appellee was guilty of contributory negligence as matter of law. They urge that it appears by undisputed evidence that she

"* * * entered upon a dangerous place and attempted to pass through and over said dangerous place with full knowledge of the fact that public improvements were being made thereon and that in entering the same and attempting to pass along the same that she was taking upon herself a risk of which she was fully advised and was thereby guilty of contributory negligence as a matter of law."

And, further,

"* * * that with full knowledge of the dangerous route, which she chose to follow she might have chosen a safe route which would not have taken her out of her way more than a few minutes at most, and that in electing to take the dangerous route instead of the safe route she was guilty of contributory negligence which was the primary cause of the accident."

We find the propositions unsound both in fact and in law. We think the trial court was within the evidence in refusing to find that appellee was fully aware of the danger. She did know that a sewer was being constructed in the street. But, from her home, she had daily observed pedestrians passing along it. It was not shown that she had knowledge of the existence of the laterals. She must have discovered them soon after turning upon the street. But she had already made her choice of route. To have turned back would have been unnatural. She also discovered, as she no doubt supposed, that each of these laterals was marked with a red light. Whether an ordinarily prudent person would have anticipated that, of a large number of laterals, all except one would be lighted,

was, of course, a question for the trier of the facts. Johnson v. City of Santa Fe, 35 N. M. 77, 290 P. 793.

Appellants also contend that, on the undisputed evidence, they were not guilty of negligence. They rely upon testimony which they adduced to the effect that they employed a watchman to keep all openings on this and another construction job lighted during the hours of darkness; that he made a complete round of both jobs each two hours; that a light had been placed at the lateral at which the accident occurred, but that it had been broken or extinguished in some unexplained manner, so that the lateral was in darkness when appellee approached it. The contention is that appellants have shown that they took every reasonable precaution to prevent such an accident as occurred.

We cannot, as a matter of law, hold that this was a full discharge of appellant's duty, to take reasonable precautions to protect the public. Having concluded that it was unnecessary to exclude travel from the street entirely, and that it was unnecessary to keep a guard constantly on duty to warn against the dangers, and the devices upon which they placed reliance having failed, we are unable to say that reasonable minds could not reach different conclusions on the question of negligence.

We think that finding 8, above quoted, is supported by substantial evidence. This defeats the contentions of appellants that the path which appellee followed was not in the street and that, consequently, they were under no duty as to its safe condition for travel.

In the original complaint Socorro Alarid was the sole plaintiff and the fact that she is a married woman was not disclosed. It appeared at the trial when it was shown that certain expenses of medical treatment were paid by the husband. The objection was made that such payments would not constitute an element of damages recoverable by the wife. At the close of plaintiff's case, defendants (appellants) moved for judgment on the ground that damages for personal injury to a married woman are community property and recoverable only at

the suit of the husband, the head of the community. Thereupon plaintiff asked leave to amend by joining her husband as a party plaintiff. He also formally asked to be permitted so to join. These requests were granted and the joinder accomplished by filing an amended complaint. The court offered defendants time or a reasonable continuance, but they did not avail themselves of the offer.

This ruling is the subject of three points relied upon for reversal. They are thus stated in the brief:

IV. Permitting plaintiff to amend at the close of her case by adding her husband as party plaintiff, was error because it resulted in the substitution of him for her with respect to so much of the cause of action pleaded as she could not upon any theory of the law recover upon.

V. Right to recover for the loss of consortium as damage is in husband solely, and wife at no time during action had any right to recover so that amendment operated to substitute him for her with the same result as in point IV.

VI. The cause of action was community property and could not be instituted by the wife alone, and the attempt to make a trial amendment by joining the husband came too late.

The gist of all these propositions is that the court erred in granting the trial amendment. We understand that this is the sole contention. It might be inferred from points IV and V that error was claimed upon the theory that a joint judgment had been recovered by plaintiffs having separate causes of action. But that would be inconsistent with point VI. Moreover, appellants declined in oral argument to espouse the view that the judgment would have been erroneous if both husband and wife had been original plaintiffs.

So this case will be decided upon the assumption that the whole cause of action was in the husband as head of the community. Appellants so contend. Appellees do not seriously question it. Such seems to be the great weight of authority in the community property states.

However, as the question is open in this jurisdiction, we desire to leave it open for further consideration of the reasoning upon which that conclusion has been based. We note that it has not escaped criticism. McKay, Community Property (2d Ed.) §§ 377-390.

We also assume, as appellees contend and appellants seem to admit, that the presence of the wife as a party plaintiff in a suit in vindication of a community right is harmless; she being a proper, though not a necessary, party.

So, the question is whether the trial court acted within the statute:

"The court may, at any time before final judgment, in further-ance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations, material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." 1929 Comp. § 105-605.

Appellants rely on the numerous holdings of this court that a new cause of action or defense may not be brought in by way of trial amendment. There can be no doubt of this principle. But the statutory prohibition against substantially changing "the claim or defense" applies only to amendments "by conforming the pleading or proceed-ing to the facts proved." Boyd v. Buick Automobile Co., 182 Iowa, 306, 165 N. W. 908. The only statutory limi-tation on amendments adding the name of a party is that they be in furtherance of justice. So our earlier decisions are not in point. If the court erred, it was not because, under some technical view of the matter, a new cause of action may be said to have been introduced, but because the ruling was not in furtherance of justice.

Appellants refer to Bancroft's Code Pleading, § 574, entitled "Amendments Effecting an entire change of par-ties or cause of action," and cite Davis v. Chrisp, 159 Ark. 335, 252 S. W. 606. We do not question those authori-ties. But appellees cite a different class of cases. The bringing in of new parties interested along with the orig-

inal plaintiff is familiar practice. See case note "Right to amend action by adding new parties plaintiff," Ann. Cas. 1916C, 591, under the subtitle "Persons interested with original plaintiff," at page 594. We have recognized this principle by approving a trial amendment bringing in as a party plaintiff a joint owner of cattle for whose injury in shipment the other joint owner had sued. Durrett v. C., R. I. & P. Ry. Co., 20 N. M. 114, 146 P. 962.

Neither line of decisions suits the case at bar. It differs from the Durrett Case in the anomaly that the wife, though equally interested with the husband, is not equally competent as a suitor. On the other hand, the wife is not a stranger to the cause of action. Her interest is equal to the husband's. His managerial powers are merely a matter of convenience and legislative policy. They are not vested rights. Arnett v. Reade, 220 U. S. 311, 31 S. Ct. 425, 55 L. Ed. 477, 36 L. R. A. (N. S.) 1040. An act of the Legislature could reverse the positions of the spouses. Under certain conditions it may be done by the judgment of a court. 1929 Comp. § 68-404 et seq.

We conclude that the case at bar stands intermediate the two lines of principle and precedent above referred to. Appellees have been able to cite but one case in point. Davis v. City of Seattle, 37 Wash. 223, 79 P. 784. Considering it sound, we are content to follow it. Appellant's only suggestion with reference to that case is that it does not seem to have been there urged that the effect of bringing in the husband was to introduce a new cause of action. But, as we have pointed out, that is not the statutory criterion.

The spirit of the Code of Civil Procedure is one of liberality toward amendments. It expressly authorizes the adding of parties. When appellants took the position in the court below that the husband was the proper plaintiff, appellees were within their rights in conceding the point, and it was in furtherance of justice, on the applications of both husband and wife, to permit the former to come in and have the advantage of, and at the same time to be bound by, the judgment to be rendered. We approve the ruling.

Having found no error, we must affirm the judgment and remand the cause. It is so ordered.

PARKER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and SADLER, J., did not participate.