379 P.2d 84

**J. R. VARNEY, Administrator of the Estate of Jackie Raymond Varney, Deceased, Plaintiff-Appellee,**

**v.**

**Dennis Leo TAYLOR and Arrow Gas Service Company, Defendants-Appellees,**

**Hartford Accident and Indemnity Company, a corporation, Intervenor-Appellant.**

**No. 7069.**

Supreme Court of New Mexico.

Feb. 20, 1963.

Richard C. Civerolo, Stanley P. Zuris, Albuquerque, for intervenor-appellant.

James L. Brown, Farmington, for plaintiff-appellee.

CARMODY, Justice.

The question in this case is whether an insurance company, claiming a right to reimbursement for funds expended, can intervene as a party-plaintiff when the same company is the insurance carrier for the defendants. This appeal is from the trial court's refusal to permit such intervention.

In December, 1959, one Jackie Varney was killed in a motor vehicle accident while working for the Hughes Tool Company. His parents settled the resulting workmen's compensation claim with Hartford Accident and Indemnity Company (hereafter called "Hartford"), which was the carrier for Varney's employer. Following this, the present suit was instituted by Varney's administrator against the defendant Taylor and his employer, for negligently causing the death of Varney in the accident aforementioned. Hartford then sought to intervene, claiming a right to reimbursement of the amount paid to the parents of the decedent, in the event there was recovery from the defendant third-party tort-feasors.

Such a situation is not unheard of in our jurisprudence and should have caused no difficulty except for the one additional fact, which was submitted to the trial court, i. e., that Hartford was also the insurance carrier for the defendants in this action. As such, Hartford had a duty to defend the action brought by the deceased's administrator. Actually, Hartford employed counsel both for the individual defendants and additional counsel for the Arrow Gas Service Company. Although the defendants made no objection to the proposed intervention, understandably the plaintiff was considerably disturbed at the prospect of having not only an uninvited but an unwanted guest sitting at the counsel table.

The trial court, after hearing the motion to intervene, made findings of fact and conclusions of law, among which were the following: That the Hartford Company, as compensation carrier for Hughes, will not be bound by the judgment, that the Hartford Company is not an indispensable party, and that it cannot intervene as a matter of right.

The problem is troublesome, because, quite obviously, no litigant should be allowed to participate on both sides of a lawsuit. However, the other side of the coin in the instant case is that, under prior rulings of this court, it would seem that un-

less the insurance company is allowed to become a party-plaintiff, it will forfeit its right to reimbursement under § 59–10–25, N.M.S.A.1953. This is because we specifically held in Royal Indemnity Co. v. Southern Cal. Petroleum Corp., 1960, 67 N.M. 137, 353 P.2d 358, that the statute was a reimbursement statute, and that there was but one cause of action in the employee, even though a part of the recovery is to be paid to the employer or his insurer. The opinion in Royal was a logical result from our holdings in Kandelin v. Lee Moor Contr. Co., 1933, 37 N.M. 479, 24 P.2d 731, and Sellman v. Haddock, 1957, 62 N.M. 391, 310 P.2d 1045. Therefore, for the trial court to have found that the insurance company would not be bound by the judgment is in error, for otherwise it would contemplate the splitting of a cause of action, and, even if this were allowed, not all the parties would be before the court in the second case. Thus, as we said in Royal, there would be the lack of an indispensable party.

So also the conclusion of the court, that the insurance company could not intervene as a matter of right, was erroneous under § 21–1–1(24) (a) (2), N.M.S.A.1953. Under the above section, the insurance company should have been allowed to intervene. Nevertheless, in the immediate situation, of necessity the discretion of the trial court must be exercised. Thus, the intervention should be allowed only under such conditions as would properly protect all the parties to the litigation. It is to be observed that the trial court in Royal Indemnity Co. v. Southern Cal. Petroleum Corp., supra, followed a course which might very well have been looked upon with favor in the instant case. There, the court announced that summary judgment would be granted in favor of the intervening insurance company, but this was not made a matter of record until after the case was completely tried. In this way, the issue was satisfactorily disposed of from the standpoint of counsel, and, at the same time, any possible prejudicial aspects were kept from the jury.

We believe that the insurance company has the right to intervene, but the intervention itself should not be made final until the main case is ready for judgment, and, in the interim, that the insurance company be precluded from participating as a party-plaintiff.

We take note that a similar situation to that existing in the instant case is reported in at least three United States District Court cases (Gutowitz v. Pennsylvania R. Co. (E.D.Pa.1946), 7 F.R.D. 147; Christon v. United States (E.D.Pa.1947), 8 F.R.D. 327; and Greene v. Verven (D.Conn.1962), 203 F.Supp. 607), and in each of the above cases intervention was denied. However, there was no showing in any of such cases that such a ruling would prejudice the rights of the proposed intervenor, as would occur in the instant case.

To allow unencumbered intervention would create such a potential conflict of interest that we do not believe it should be allowed. However, under the terms as stated hereinabove, the rights of the parties will be preserved and any possibility of collusion will be eliminated.

For the reasons stated, the cause will be reversed and remanded to the trial court, with direction to set aside its order denying intervention and proceed in a manner in conformity herewith. IT IS SO ORDERED.

CHAVEZ and NOBLE, JJ., concur.