625 P.2d 1250

**CONTINENTAL CASUALTY COMPANY,**
**Plaintiff-Appellant,**

**and**

**Jean Hess, Involuntary Plaintiff-Appellee,**

**v.**

**Ester WUESCHINSKI,**
**Defendant-Appellee.**

**No. 4827.**

Court of Appeals of New Mexico.

March 5, 1981.

medical benefits to Hess, the employee. The issue is the right of Continental to sue Wueschinski, the third party allegedly liable for the injuries to Hess, and because of which compensation and medical benefits were paid to Hess. Continental filed suit against defendant, naming Hess as an involuntary plaintiff. Hess did not wish to participate in the suit. The trial court ruled "that the involuntary plaintiff cannot be compelled to sue the defendant against * * * [Hess's] express wishes", and dismissed the complaint. Continental appeals. We hold that Hess was properly a party as an involuntary plaintiff and that dismissal was error.

Although § 52–1–56(C), N.M.S.A. 1978 is worded in terms of an assignment to Continental of "any cause of action * * * against any other party" to the extent of the compensation and medical benefits paid, this statute has been consistently interpreted to confer a right of reimbursement to Continental from proceeds obtained from a third party by the employee. There is but one cause of action, it belongs to the employee; the employee is an indispensable party to third-party lawsuits; however, the employee may assign to the compensation insurer the employee's claim against the third party. *Herrera v. Springer Corporation*, 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973), rev'd on other grounds, 85 N.M. 201, 510 P.2d 1072 (1973); *Seaboard Fire & Marine Insurance Company v. Kurth*, (Ct.App.) No. 4112, decided August 5, 1980, N.M.St.B.Bull. Vol. 19 at 848, certiorari quashed January 28, 1981. Hess has not assigned to Continental her claim against defendant. We do not question the foregoing interpretation; our discussion is on the basis that Hess has a cause of action against defendant, and that Continental can only be reimbursed from proceeds that Hess obtains from defendant.

Hess filed suit against defendant. She then settled her compensation claim. Continental had the right to intervene in Hess's suit against defendant under R.Civ.Proc. 24(a)(2); this was decided in *Varney v. Taylor*, 71 N.M. 444, 379 P.2d 84 (1963). Before

---

Jerrald J. Roehl and Ronald W. Henkel, Jerrald J. Roehl & Associates, P. C., Albuquerque, for plaintiff-appellant.

Melvin L. Robins, Albuquerque, for involuntary plaintiff-appellee.

Jacob Carian, Carian & Casey, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Continental (Continental Casualty Company), the workmen's compensation insurer of the employer, paid compensation and

Continental could intervene, Hess voluntarily dismissed her suit against defendant.

Thereafter, there were negotiations between Hess and Continental seeking agreement as to the amount that Continental would be reimbursed by Hess out of any recovery from defendant. These negotiations were based on the practicalities of the matter. The only asset available to satisfy a judgment against defendant was an insurance policy in the amount of $15,000. It is undisputed in the record that defendant's insurance company has been and is willing to pay the $15,000 as the court might direct. Continental paid Hess compensation and medical benefits of $13,386. If Continental should be reimbursed 100 percent, only $1,614 would be left to Hess before payment of attorney fees. Hess's attorney referred to the $1,614 as "'paltry'". The negotiations seeking agreement as to the amount of Continental's reimbursement failed. Continental then informed Hess that suit would be filed naming Hess as an involuntary plaintiff, and this was done.

Two matters referred to at oral argument are not involved in this appeal. One matter was Continental's suggestion that Hess, in withholding her cooperation in disposing of her claim against defendant, somehow acted improperly. We see no impropriety, under the facts, in Hess seeking to increase the monetary amount she would retain in a disposition of the third-party claim. The second matter was a dispute over how a court would divide the $15,000 between Continental and Hess in the event Hess accepted that amount in settlement of her claim against defendant. Inasmuch as our compensation statute does not cover the question of such a division "fundamental fairness must be the guidelines." *Transport Indemnity Company v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.1976); compare the application of equitable principles in *White v. Sutherland*, 92 N.M. 187, 585 P.2d 331 (Ct.App.1978).

■ Hess argues that Continental's suit was properly dismissed because Continental's right is the right to be reimbursed out of what Hess collects from defendant and,

to date, Hess has collected nothing. Thus, Hess contends Continental's suit was premature. We disagree. It is undisputed that $15,000 is available to Hess; as the attorney for defendant's insurance company stated to the court: "We just want to pay it." However, even if the assurance that something could be collected from the defendant was less than in this case, such would not be a basis for dismissing the lawsuit so long as the suit was a good faith effort to collect from the third party.

Because Hess, not Continental, is the one that has the cause of action against defendant, because Hess is the indispensable party, and because the Continental suit cannot proceed in Hess's absence, the issue is whether Hess "can be compelled to sue." Hess says: "There is no such right in New Mexico." We disagree.

*Seaboard Fire & Marine Insurance Company v. Kurth*, supra, points out that the states have enacted a variety of statutes governing the method by which an employer or compensation insurer may collect back the amount paid in compensation benefits. See 2A Larson's Workmen's Compensation Law (1976) § 74.00. *Larson*, § 74.16 points out the objective of such statutes, whatever the form:

> The central objective is to provide the mechanics that will achieve the result described at the opening of this chapter: the third party paying what he would normally pay if no compensation question were involved; the employer and carrier "coming out even" by being reimbursed for their compensation expenditure; and the employee getting any excess of the damage recovery over compensation.
>
> To do this, both the employee and the carrier have to be afforded a fair opportunity to press the damage suit, in case the other neglects to do so.

New Mexico has no statutory provision providing the mechanics for protecting the statutory right to reimbursement conferred by § 52-1-56(C), supra. Is there another provision for protecting this right? Yes. It is a Rule of Civil Procedure, which is applicable because no provision of the Work-

men's Compensation Act directly conflicts with the rule. Section 52–1–34, N.M.S.A. 1978.

Rule of Civ.Proc. 19(a) provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * * * If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Hess has been served; in her absence complete relief cannot be accorded because the suit cannot proceed in her absence. Hess should join as a party because, by not joining, she would deprive Continental of its statutory right to reimbursement.

The remaining question is whether this is a "proper" case in which to join Hess as an involuntary plaintiff. 3A Moore's Federal Practice ¶ 19.06 (2d ed. 1979) points out that federal courts have given a narrow application to its similar rule: "The doctrine can properly be applied only where there is such a relationship that the absent party must allow the use of his name as plaintiff."

*Moore*, supra, ¶ 19.14[2.–3] states this application, however, involves

a weighing of various of factors, both legal and practical. Accordingly, general rules may appropriately be moulded and exceptions made to fit unusual circumstances, to thwart inequitable conduct on the part of a litigant, and to permit an adjudication where more injustice would result from leaving a plaintiff remediless where joinder could not be effected and the court is able to protect or reserve the absentee's interest, or the likelihood of injury to him is insignificant.

*Moore*, supra, ¶ 19.19 states:

Ordinarily, the action should not be dismissed if the indispensable party can be effectively joined; and such party is so joined. Where, circumstances warrant, however, the trial court, in the exercise of a sound discretion, may refuse to allow the addition of an indispensable party, and dismiss the suit.

This is a "proper" case to require Hess to allow Continental the use of her name. Not to require Hess to be an involuntary plaintiff would be an injustice because the result would be to deprive Continental of its statutory right of reimbursement. The only "injury" to Hess, suggested by this record, would be that joinder as an involuntary plaintiff deprives her of her negotiating advantage over Continental that exists as long as she is not a party. The result of such deprivation does no more than place the issue of proper division of the proceeds, between Continental and Hess, before the trial court. Such is an insignificant "injury". There are no circumstances in this case that make the joinder of Hess, as an involuntary plaintiff, inequitable.

The trial court erred in dismissing the complaint that included Hess as an involuntary plaintiff. This result is consistent with both New Mexico and federal decisions in related situations. See *Prager v. Prager*, 80 N.M. 773, 461 P.2d 906 (1969); *Hall v. Teal*, 77 N.M. 780, 427 P.2d 662 (1967); *Alarid et al. v. Gordon et al.*, 35 N.M. 502, 2 P.2d 117 (1931); *Barnett v. Wedgewood, et al.*, 28 N.M. 312, 211 P. 601 (1922); *Blacks v. Mosley Machinery Company, Inc.*, 57 F.R.D. 503 (E.D.Pa.1972); *Ward v. Franklin Equipment Company*, 50 F.R.D. 93 (E.D.Va.1970).

The order dismissing the complaint, which named Hess as an involuntary plaintiff, is reversed. The cause is remanded with instructions to reinstate that complaint on the court's docket.

IT IS SO ORDERED.

ANDREWS, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

Now, we have reached that area of the law in which Continental Insurance Company, a compensation carrier who has paid Hess, a "workman," compensation benefits and attorney fees in the amount of $14,-756.32, seeks to force Hess, as an involun-

tary plaintiff, to bow to Continental's demands that Hess allow Continental to receive from a third party tortfeasor the sum of $14,756.32 to the detriment of Hess.

This is a matter of first impression.

Continental paid Hess compensation benefits in the amount of $14,756.32. This payment operated as an assignment to Continental "to the extent of payment by the employer * * * which the workman * * * may have against any other party for the injuries * * *." Section 52–1–56(C), N.M.S. A.1978. The "other party" was Ester Wueschinski, a third party tortfeasor, whose liability insurance carrier admitted Ester's liability to Hess, and was ready to pay Hess total coverage of $15,000.00. Hess was "entitled to receive payment" from Ester, irrespective of the Workmen's Compensation Act, § 52–1–56(C), but Hess decided not to accept the payment.

Under the assignment, Continental could not collect the $14,756.32 from Ester unless Hess joined with Continental in its claim. Continental and Hess attempted to negotiate a reasonable compromise on the disbursement of the $15,000.00. Hess suffered serious injuries and was damaged far in excess of $15,000.00. Continental and Hess each wanted $10,000.00 in disbursement and no reasonable compromise was effected.

Continental sued Ester and made Hess an involuntary plaintiff. Hess moved to dismiss Continental's complaint. The court found "that the involuntary plaintiff cannot be compelled to sue the defendant against her express wishes, and FINDS said motion is well taken." The court ordered "that the Complaint of the Continental Insurance Company be, and the same hereby is dismissed."

Continental appealed. We should affirm.

### A. *Dismissal of complaint was not a final order.*

"A dismissal of a complaint without prejudice is not a final order and is not appealable." *Armijo v. Co-Con Const. Co.*, 92 N.M. 295, 296, 587 P.2d 442 (Ct.App.1978). Continental's complaint was dismissed without prejudice. The appeal should be dismissed.

### B. *Continental failed to establish reversible error.*

Continental claims it took all reasonable measures to insure that Hess would receive the amount to which she was entitled under New Mexico law. This point is not the issue. The only question involved is whether Hess as an involuntary plaintiff, can, against her expressed wishes, be compelled to sue Ester. Continental states:

> * * * *Although Continental is not asking for a right of subrogation* * * * *it would be appropriate that it be allowed to join Hess as an involuntary plaintiff* * * * *so that* *appropriate relief* *may be had by* *all* *parties and the goals of the statute complied with.* [Emphasis added.]

Hess cannot be made an involuntary plaintiff because Continental thinks it would be appropriate.

Continental also claims "that there must always be *some method* for the insurer to pursue its claim against a third party[.] * * [I]f the District Court ruling stands, an insurer will be denied an opportunity to pursue the third party, *or may be pressured into accepting an inappropriate amount in reimbursement.*" [Emphasis added.] In a Memorandum Brief filed in district court, Continental stated that plaintiff's motion to dismiss was "tantamount to blackmail. Plaintiff * * * submits that there is an improper and *illegal* use of a right granted to the workman under New Mexico law." [Emphasis added.] It may be suggested that this vicious attack on Hess may have affected the finding made by the trial court. In any event, Hess cannot be made an involuntary plaintiff because Continental must have "some method" of relief. Other methods can be devised.

Continental has failed to establish reversible error in the dismissal of its complaint.

The majority opinion has introduced into this appeal Rule 19(a) of the Rules of Civil Procedure. It provides that if a person refuses to join as a plaintiff, "he *may* be made * * * in a *proper* case, an involuntary plaintiff." [Emphasis added.] The district

court is not mandated to make Hess an involuntary plaintiff. Whether Hess should or should not be made an involuntary plaintiff rests within the discretion of the trial court. To reverse the order entered, this Court must hold that the district judge acted beyond the bounds of reason. In my opinion, he did not.

This is not a "proper" case to require Hess to allow Continental the use of her name. Continental does not have a statutory right of reimbursement. In *Seaboard Fire & Marine Insurance Company v. Kurth*, No. 4112, certiorari just quashed, an attempt was made in a special concurring opinion to clear up the confusion that exists in the so-called "reimbursement" statute. A repetition thereof is unnecessary.

The statute and judicial decisions have placed Hess in a vulnerable position. If this cause is reversed, $15,000.00 will be deposited in the registry of the court. The court might feel compelled to pay Continental $14,756.32 to the detriment of Hess. The majority opinion states that "The result of such deprivation does no more than place the issue of *proper* division of the proceeds * * * before the trial court." [Emphasis added.] "Proper" division of reimbursement means that Continental will receive about all of the $15,000.00. The district court should be allowed to deter-

mine disbursement of the money within its discretion, based upon all of the facts and circumstances. An injustice will not then arise. Whenever any doubt exists, our duty is to resolve that doubt in favor of the workman. It would be inane to repeat again the spirit of the Workmen's Compensation Act. A compensation insurer has had extensive experience in this field. If it wanted to proceed alone against a third party tortfeasor it had a duty to fairly seek a right to subrogation from t⅁ ₂ workman. It did obtain a long three pag₂ Agreement and Stipulation of Release and Settlement from Hess, properly so, in which it protected itself. With knowledge of the third party tortfeasor's potential liability, Continental made no mention thereof. The record is silent on this subject matter. Fault rests with Continental, not Hess. Otherwise, we may assume that Continental, because of Hess's serious injuries, did not intend to deprive Hess of all rights she might have in her third party tortfeasor's claim. Injustice arises if Hess is denied any rights.