650 P.2d 831

Ronald J. SCHULTE and Western Insurance Company, Plaintiffs-Appellees,

v.

BABER WELL SERVICING COMPANY, a New Mexico Corporation, Defendant-Appellant.

No. 5366.

Court of Appeals of New Mexico.

Feb. 9, 1982.

Certiorari Quashed Aug. 31, 1982.

Richard W. Darnell, Neal & Neal, Hobbs, for defendant-appellant.

Ralph D. Shamas, Roswell, for Ronald J. Schulte.

Robert E. Sabin, Atwood, Malone, Mann & Cooter, Roswell, for Western Ins. Co.

## OPINION

HENDLEY, Judge.

We granted an application for interlocutory appeal from the district court's order allowing plaintiffs, Western Insurance Company and Ronald J. Schulte, to file a first amended complaint naming defendant's insurance company. After Schulte was injured, Western paid him workmen's compensation benefits. Both plaintiffs then filed a complaint for damages against an alleged third party tort-feasor, the defendant. Western is seeking reimbursement for the workmen's compensation paid to plaintiff Schulte. After discovery, but before trial, plaintiffs learned defendant was insured by Employers Casualty Company. Plaintiffs then sought the order from which this appeal is taken, which allowed them to amend the complaint to add Employers Casualty Company as a party defendant.

In a tort action, where an insurance company claims a right to reimbursement and is a voluntary party plaintiff, would it be fundamentally unfair to plaintiffs if the defendant's insurance carrier is not forced to join as a party defendant? Our answer is in the negative and we reverse the district court's order allowing the insurance company to be a named defendant.

Plaintiffs rely on *Maurer v. Thorpe,* 95 N.M. 286, 621 P.2d 503 (1980), to uphold the district court's order. In that case a man was injured in an automobile accident and received policy proceeds from his insurer. The man then sued a third party who allegedly caused the accident and tried to join the third party's insurance company also. The Supreme Court reviewed New Mexico law, noting that once the plaintiff's insurance company pays proceeds under a policy, they become subrogated to plaintiff's causes of action. Under *Sellman v. Haddock,* 62 N.M. 391; 310 P.2d 1045 (1957), the insur-

ance company is an indispensable party, and *must* be named as a plaintiff. The court recognized that normally a defendant's insurance coverage is not admissible because of possible prejudice to defendant. But the court stated, "[t]he above-stated policy is not applicable where plaintiff is compelled by law to join its insurer to its cause of action." Since plaintiff's insurance is known to the jury, the court held it would be unfair and, therefore, a denial of due process if the fact of defendant's insurance were not also before the jury.

Western Insurance Company, by acting as a named plaintiff, is attempting to enforce its reimbursement rights provided in § 52–1–56, N.M.S.A. 1978. The reimbursement statute prevents double recovery by the worker if he collects workmen's compensation and then later recovers damages from a third party. The workmen's compensation carrier is instead given the right to be reimbursed for any payments it has made. The reimbursement statute was construed in *Herrera v. Springer Corporation,* 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973), *reversed on other grounds,* 85 N.M. 201, 510 P.2d 1072 (1973), where this Court held it is not a subrogation statute. This Court held the insurance company is not an indispensable party to an action against a third party and its right to reimbursement is not waived if it does not participate in the action for damages against a third party.

The case before us is distinguishable from *Maurer, supra.* It deals with reimbursement rather than subrogation as in *Maurer, supra.* Under *Herrera, supra,* the workmen's compensation insurance company is not "compelled by law" to be a party. Plaintiff Schulte contends that he was forced to allow Western Insurance Company to intervene under existing case law. Although *Varney v. Taylor,* 71 N.M. 444, 379 P.2d 84 (1963), holds insurance companies should be allowed to intervene, it also holds that the trial court should exercise its discretion so that the parties will be protected. For instance, the court in *Varney* suggests the intervention not be made final untii the time of judgment and that the insurance company not be allowed to participate as plaintiff during trial. Although *Varney* concerned the situation where an insurance company represents both plaintiff and defendant, the language is useful in any case where prejudice to plaintiff might arise. *Herrera, supra,* recognized that intervention can take place after judgment has been entered, which would also protect a plaintiff's interest.

We decline to hold that the plaintiffs' *Maurer* due process rights will be infringed if the defendant's insurance company is not joined. We think the language from *Berryman v. Bayshore Constr. Co.,* 24 Cal.Rptr. 380, 207 Cal.App.2d 331 (1962), a case similar to ours, is appropriate. Quoting an earlier California case, the court said: "The average reasonably well-informed person who may be called to serve upon a jury knows that a workman injured in his employment receives compensation. It is a delusion to think that this aspect of the case can be kept from the minds of the jurors simply by not alluding to it in the course of the trial."

The order allowing plaintiffs to amend their complaint to add Employers Casualty Company as a party defendant is reversed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissents.