740 P.2d 1179

**AMERICAN GENERAL FIRE AND CASUALTY COMPANY,**
**Plaintiff-Appellee,**

and

**Arturo Escobar, Jr.,**
**Involuntary Plaintiff,**

v.

**J.T. CONSTRUCTION COMPANY, INC.**
**and Polson & Grady, Ltd.,**
**Defendants-Appellants.**

**Nos. 9822, 9830.**

Court of Appeals of New Mexico.

July 7, 1987.

Janet M. Velazquez, Matthew P. Holt, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for plaintiff-appellee.

John S. Stiff, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellant J.T. Const. Co., Inc.

Lisa K. Durrett, Charles W. Durrett, Durrett, Jordon & Durrett, P.C., Alamogordo, for defendant-appellant Polson & Grady, Ltd.

**OPINION**

MINZNER, Judge.

Plaintiff American General Fire and Casualty Company brought suit against defendants J.T. Construction Company, Inc. and Polson & Grady, Ltd., seeking contribution for compensation paid Arturo Escobar, Jr. *See* NMSA 1978, § 52-1-56(C) (amended effective December 1, 1986; 1986 N.M.Laws ch. 22, § 103). Plaintiff's suit was brought more than three years after the date Escobar was injured but less than three years after plaintiff settled Escobar's right to worker's compensation benefits. Defendants appeal the trial court's decision that plaintiff's suit was timely filed. We reverse.

## BACKGROUND

Escobar was injured on February 16, 1983, while employed by All Temp Insulation on a construction contract at Holloman Air Force Base. At the time of his injury, his employer was providing his services through a contract with defendant Polson & Grady for the general contractor, defendant J.T. Construction Company.

Plaintiff was the compensation carrier for All Temp Insulation. As a result of the accident, plaintiff entered into a lump sum settlement with Escobar on March 9, 1984, and was paid compensation benefits, medical benefits, and attorney fees. Escobar assigned his claim against defendants to plaintiff "to the extent of their payment," and he authorized plaintiff to pursue "the above-mentioned claim" as he "might or could do."

Plaintiff filed its complaint for reimbursement on September 2, 1986, claiming that both defendants negligently failed to inspect the scaffolding from which Escobar fell. Plaintiff also alleged that defendant J.T. Construction Company negligently constructed the scaffolding. Defendants answered, raising the issue that the claim was untimely, and subsequently moved to dismiss.

The trial court ruled that the relevant statute was NMSA 1978, Section 37–1–4– (four-year period), which governs unspecified actions, rather than NMSA 1978, Section 37–1–8 (three-year period), which governs actions for personal injury. The court also ruled that plaintiff's cause of action did not accrue until it had satisfied its obligations to Escobar. Consequently, the court concluded that the complaint was timely under either of the statutes of limitations and denied defendants' motion, but the court certified its decision for review as an interlocutory appeal. See NMSA 1978, § 39–3–4(A).

Both defendants applied for an order granting an interlocutory appeal. We consolidated the cases and granted the application; the case was assigned to the legal calendar. See SCRA 1986, 12–210(D). The issues certified are (1) whether Section 37–1–8 controls the timeliness of plaintiff's complaint, and (2) whether plaintiff's cause of action accrued on the date Escobar was injured or the date plaintiff satisfied its obligations to him. We discuss these issues together because, on these facts, they are related.

## DISCUSSION

When a third party's tortious conduct injures a worker and the injury is covered by worker's compensation, almost all states preserve a right of action by the employer and its insurer for reimbursement against the third party. See generally 2A A. Larson, The Law of Workmen's Compensation, § 71.00 (1986). In New Mexico, Escobar's right of action against the third-party tortfeasors was preserved by Section 52–1–56(C), as it read prior to amendment in 1986. The statute not only preserves the right of action against a third party, but it also is intended to prevent double recovery by the worker and to provide reimbursement for employers. Strickland v. Roosevelt County Rural Elec. Coop., 103 N.M. 63, 702 P.2d 1008 (Ct.App.1984); Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 664 P.2d 1000 (Ct.App. 1983). Our statute appears to follow the typical pattern, 2A A. Larson, supra, at Section 71.21, although the methods of providing for reimbursement to the employer or insurance carrier vary among the states. See id. at § 74.00.

Under our cases, Section 52–1–56(C) has been construed to provide only a single cause of action. See Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961). The worker may sue a third party wrongdoer for the entire amount of damages, and the employer or insurer is entitled to reimbursement from the proceeds. Security Ins. Co. v. Chapman, 88 N.M. 292, 540 P.2d 222 (1975). The supreme court has observed that the statute provides a right of reimbursement which is distinct from the equitable doctrine of subrogation. See Royal Indem. Co. v. Southern Cal. Petroleum Corp., 67 N.M. 137, 353 P.2d 358 (1960). The claim for reimbursement has been analyzed as a cause of action against the claimant who has recovered from the third party. See Transport Indem. Co. v. Gar-

*cia*, 89 N.M. 342, 552 P.2d 473 (Ct.App. 1976). Nevertheless, in the case before us, plaintiff received an assignment of, and its complaint relies on, the worker's cause of action for negligence. *See Seaboard Fire & Marine Ins. Co. v. Kurth*, 96 N.M. 631, 633 P.2d 1229 (Ct.App.1980).

The dispositive appellate issue is whether defendants were entitled to rely on the limitations period provided by Section 37–1–8 for personal injuries. We conclude that they were. *See, e.g., Providence Wash. Ins. Co. v. DeHavilland Aircraft Co.*, 699 P.2d 355 (Alaska 1985); *Deculus v. Augenstein Constr. Co.*, 425 So.2d 315 (La.App.1982). *See generally* 2A A. Larson, *supra*, at § 75.00.

We recognize, as plaintiff contends, that the cases employing this analysis have not addressed the particular issue before us in this case, and that the issue is one of first impression. However, our cases interpreting the statute appear to have had as an objective the goal of reducing the likelihood that a third party will be forced to defend more than one action. *See Seaboard Fire & Marine Ins. Co. v. Kurth*. The result we reach advances this objective. *See County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 140 Cal.Rptr. 638, 568 P.2d 363 (1977) (In Bank). That result is consistent with the most recent supreme court precedent, *see Taylor v. Delgarno Transp., Inc.*, 100 N.M. 138, 667 P.2d 445 (1983), as well as the older tradition. *See Royal Indem. Co. v. Southern Cal. Petroleum Corp.* It is also consistent with the terms of Section 52–1–56(C), which refers to the worker's cause of action for injuries or death upon receipt of compensation. *See Continental Casualty Co. v. Wueschinski*, 95 N.M. 733, 625 P.2d 1250 (Ct.App.1981).

In some states, statutes have been enacted specifying that the employer or insurer may seek recovery from the third-party tortfeasor within a specified time after payment of, or assumption of the obligation to pay, compensation, rather than from the date of the injury. *See* Annotation, *When Does Statute of Limitations Begin to Run Upon an Action by Subrogated Insurer Against Third-Party Tortfeasor*, 91 A.L.R.3d 844 (1979). In others, courts have reached the same result by statutory construction. *See Pina v. Liberty Mut. Ins. Co.*, 388 Mass. 1001, 445 N.E.2d 1057 (1983); *Atlantic Mut. Ins. Co. v. State*, 50 A.D.2d 356, 378 N.Y.S.2d 95 (1976), *aff'd*, 41 N.Y.2d 884, 393 N.Y.S.2d 994, 362 N.E.2d 624 (1977); *Campbell v. Sonford Chem. Co.*, 486 S.W.2d 932 (Tex.1972). Even so, the weight of authority supports a decision that the personal injury statute bars plaintiff's complaint. *See generally* 2A A. Larson, *supra*, at § 75.31. There being no relevant statute in New Mexico other than Section 52–1–56(C), on these facts we are persuaded that the majority rule should be applied.

As noted in 91 A.L.R.3d 844, at 847, the rationale underlying the majority rule is as follows:

> [C]ourts generally have adhered to the view that the statute of limitations begins to run on a subrogated insurer's action against a third-party tortfeasor at the same time that the statute of limitations would begin to run on an action by the insured, or his personal representative in the event of the death of the insured.... A rationale ... [is] that a subrogated insurer stands in the shoes of its insured, taking no rights other than those that the insured had, and at the same time being subject to all defenses which the third-party tortfeasor might assert against the insured.

Because there is only a single cause of action in the employee for personal injuries caused by the third party, *Reed v. Styron*, the trial court's decision to apply Section 37–1–4 must be reversed. In effect, the trial court's decision separates the worker's cause of action into two elements, contrary to the case law. *See Herrera v. Springer Corp.*, 85 N.M. 6, 508 P.2d 1303 (Ct.App.), *rev'd on other grounds*, 85 N.M. 201, 510 P.2d 1072 (1973).

Plaintiff contends that the statute should be construed to avoid a harsh result. *See Terry v. New Mexico State Highway Comm'n*, 98 N.M. 119, 645 P.2d 1375 (1982). Because the facts of this case are distinguishable from those presented by

*Terry v. New Mexico State Highway Comm'n,* we need not address this contention.

**CONCLUSION**

For the foregoing reasons, we conclude that plaintiff's complaint was not timely. Consequently, we reverse and remand with instructions to dismiss the complaint. Appellee shall bear the appellate costs.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.