# RESCRIPT OPINIONS.

ESTHER G. PINA vs. LIBERTY MUTUAL INSURANCE COMPANY.  February 14, 1983.  The plaintiff, Esther G. Pina, appeals from the dismissal of her action for a declaratory judgment seeking a ruling, among other things, that Liberty Mutual Insurance Company (Liberty Mutual) is barred by the statute of limitations, G. L. c. 260, § 2A, from asserting its statutory right to reimbursement of workmen's compensation benefits paid to Pina, from the proceeds of the judgment award to Pina in the related case, *Pina v. McGill Dev. Corp., ante* 159 (1983).  See G. L. c. 152, § 15.

On January 3, 1975, Pina was injured in a fall on snow and ice as she was leaving work.  Liberty Mutual, the employer's insurer, received on January 21, 1975, notice of her injury, which stated that she had fallen on the stairs of her employment premises.  Liberty Mutual paid the plaintiff workmen's compensation benefits.  Pina also filed a third-party action against McGill Development Corporation (McGill) seeking to recover damages for personal injuries sustained in the fall in the parking lot outside the employer's premises because of negligent maintenance by McGill. G. L. c. 152, § 15.  Pina was awarded a verdict against McGill in the sum of $125,000.  Liberty Mutual did not learn that Pina had instituted the McGill suit until June, 1979.  It promptly gave notice on June 26, 1979, of its lien for reimbursement of paid workmen's compensation benefits from any judgment in the McGill suit.

In September, 1979, Pina commenced her action for declaratory judgment.  G. L. c. 231A, § 1.  The defendant's motion for dismissal under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), was allowed.  The plaintiff's application for direct appellate review was granted by this court.

1. General Laws c. 152, § 15, as in effect at the time of Pina's injury, permitted an employee simultaneously to claim and receive workmen's compensation benefits and to proceed at law to enforce any right he had against a third party.  Once workmen's compensation benefits had been claimed or received, the statute gave a nonexclusive right to either the employee or the insurer to sue the third-party tortfeasor.[1]  St. 1971, c. 888.

---

[1] A 1980 amendment to G. L. c. 152, § 15, effective October 9, 1980, and not applicable to the accident here, gives the employee complete control of the right to initiate the third-party action for the first seven months after the injury.  St. 1980, c. 488.  At the time of the injury suffered by Pina, it was a race to the courthouse

It is a purpose of § 15 specifically to prevent the employee from having double recovery, once by way of damages and once by way of compensation. See *McDonald* v. *Employers' Liab. Assurance Corp.*, 288 Mass. 170, 174 (1934); L. Locke, Workmen's Compensation § 661 (2d ed. 1981). Accord *Eisner* v. *Hertz Corp.*, 381 Mass. 127, 131 (1980); *Richard* v. *Arsenault*, 349 Mass. 521, 524 (1965). Section 15 prescribes the manner of distribution of the proceeds recovered by a third-party action. Pina was authorized by G. L. c. 152, § 15, to claim and receive workmen's compensation benefits from Liberty Mutual and then to institute a third-party action for damages against McGill. However, § 15 obligates Pina to pay over to the insurance carrier, from the judgment, the benefits paid by Liberty Mutual to Pina.[2]

2. General Laws c. 260, § 2A, is a general statute of limitations, requiring a party to commence a tort action within three years of the time the cause of action accrues. General Laws c. 152, § 15, has no limitation of time expressed therein, but a third-party action under G. L. c. 152, § 15, must be commenced within the time constraints of G. L. c. 260, § 2A. The third-party action by Pina was commenced in April, 1976, slightly over one year from accrual of the cause of action. This is well within the constraints of the statute of limitations. Liberty Mutual did not attempt to bring a third-party action after the statute of limitations had run on the tort claim. Liberty Mutual is asserting its right of reimbursement pursuant to G. L. c. 152, § 15. Section 15 does not impose any obligation on the insurer to institute a suit within the time prescribed by G. L. c. 260, § 2A, in order to preserve its right to reimbursement. Arguably, an insurer's right of action for reimbursement arises no earlier than the date of settlement or satisfaction of judgment. It does not commence at the time of the employee's injury.

3. The statutory purpose of an action for declaratory judgment is to enable the judge "to afford relief from . . . uncertainty and insecurity" with respect to the rights of the parties, *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292 (1977). Dismissal under Mass. R. Civ. P. 12 (b) (6) (failure to state a claim) was inappropriate. See G. L. c. 231A, § 1. The judge should have determined the rights of the parties.

The judgment of dismissal is reversed, and the case is remanded to the Superior Court for a declaration of the rights of the parties.

*So ordered.*

*William H. Shaughnessy* for the plaintiff.
*David M. Hartigan* for the defendant.

---

between the employee and the insurer to determine who controlled the third-party action. See L. Locke, Workmen's Compensation § 669 (2d ed. 1981).

[2] The issue of the precise amount of reimbursement to the insurer is not raised in this appeal.