[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#104) AND OBJECTION TO MOTION (#106)
On February 16, 1993, the plaintiffs, Hallsmith/Sysco Corporation ("Hallsmith"), a Massachusetts corporation, and its insurer, Employers Insurance of Wausau ("Wausau"), filed a one-count complaint in which they seek to recover workers' compensation benefits which were allegedly paid to an injured Hallsmith employee. Named in the complaint as defendants are United Technologies Corporation d/b/a Sikorsky Aircraft Corporation ("UTC"), and ARA Systems, Inc. ("ARA"), a Pennsylvania corporation doing business in Connecticut.
In their revised complaint filed on April 21, 1993, the plaintiffs allege that William Sturtevant, a Hallsmith employee, was injured during the course of his employment while delivering goods to UTC's cafeteria, located in Connecticut. The plaintiffs allege that Sturtevant's injuries were proximately caused by the negligence of UTC and ARA. The plaintiffs allege that as a result of the defendants' negligence, they had to pay, and will have to pay, workers' compensation benefits to Sturtevant. The plaintiffs make their claim for damages pursuant to both Chapter 152 of the Massachusetts General Laws ("the Massachusetts WCA") and Connecticut General Statutes31-275 et seq. ("the Connecticut WCA").
On August 19, 1993, the defendant filed a motion to dismiss (#104) on the ground that the court lacks subject matter jurisdiction over the plaintiffs' action. The plaintiffs filed an objection to the defendants' motion (#106) on November 8, 1993.
Jurisdiction over the subject matter is the power of the court to hear and determine cases of the class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420,427, 541 A.2d 1216 (1988).
In support of their motion to dismiss, the defendants argue that the plaintiffs cannot bring their action pursuant to the CT Page 10973 Connecticut WCA because their obligation to compensate Sturtevant did not arise pursuant to the Connecticut Act. Thus, the defendants contend that the plaintiffs' only recourse would be to bring an action under Massachusetts law in the Massachusetts courts.
With respect to an action by a foreign workers' compensation carrier who paid benefits pursuant to a foreign workers' compensation act and who seeks to recover against a domestic third-party tortfeasor, the general rule is that:
 [I]f compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee, the subrogated insurance company and the employer, are ordinarily held governed by the law of the foreign state, although there is contrary authority.
4 Larson, Workmen's Compensation Law, 88.00, p. 16-171.
 The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award [i.e., the workers' compensation carrier] has in any recovery for tort . . . that the employee may obtain against a third person on account of the same injury.
Restatement (Second), Conflict of Laws, 185, p. 551.
In Hopkins v. Matchless Metal Polishing Co., 99 Conn. 457,121 A. 828 (1923), the court held that:
 a contract of employment made in a foreign state, to be performed in Connecticut, will be governed, as to compensation to an employee injured in Connecticut, by the Compensation Act of the foreign jurisdiction; provided . . . the court of [the foreign] jurisdiction construes the act as having extraterritorial effect.
CT Page 10974
Id., 464. Thus, under Connecticut conflict of law rules:
 the Connecticut courts would recognize the [foreign workers' compensation act] as controlling on the question of whether a compensation insurer who has paid benefits under the [foreign act] has a right of subrogation to the proceeds recovered in an action by the injured employee against the third party tortfeasor.
Greene v. Verven, 203 F. Sup. 607, 610 (D.Conn. 1962).
The Massachusetts WCA provides in pertinent part that:
 Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid. . . .
Mass. Gen. L., Ch. 152, 15. Thus, after workers' compensation benefits have been recovered, 15 gives a nonexclusive right to either the injured employee or the compensation insurer to sue the third-party tortfeasor. Pina v. Liberty Mutual Insurance Co., 388 Mass. 1001, 445 N.E.2d 1057 (1983). "In Massachusetts, the basic rule is . . . any injury that would be covered in-state is covered out of the state . . . ." 4 Larson, supra, 87:12, p. 16-70. See Mass. Gen. Laws, Chapter 152, 26, Wright's Case,291 Mass. 334, 197 N.E. 5 (1935).
In the present case, the plaintiffs make their claim for damages pursuant to both the Massachusetts WCA and the Connecticut WCA. General Statutes 31-293 (a) provides in pertinent part that:
 When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances CT Page 10975 creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee.
(Emphasis added.) General Statutes 31-293 (a) "is applicable only to Connecticut employers obligated to pay benefits under the Connecticut Workmen's Compensation Act." (Emphasis in original.) Greene v. Verven, supra, 611; citing Olszewski v. State Employees' Retirement Comm., 144 Conn. 322, 130 A.2d 801
(1957); Stavola v. Palmer, 136 Conn. 670, 73 A.2d 831 (1950). "The Connecticut statute is for the benefit and protection of Connecticut employers and . . . insurers operating under the Connecticut Workmen's Compensation Act." Greene v. Verven, supra, 611. "It is inapplicable to non-Connecticut employers operating under non-Connecticut workmen's compensation laws." Id. Thus, the plaintiffs cannot recover damages pursuant to the Connecticut WCA.
However, the plaintiffs may properly bring suit in Connecticut to enforce their claims against the defendants pursuant to the Massachusetts WCA, as this Act is extraterritorial in its scope and application, and gives an insurer the right to proceed directly against the third-party tortfeasor. Hopkins v. Matchless Metal Polish Co., supra, 464. Under Connecticut conflict of law rules, a Connecticut court also may properly recognize and apply the Massachusetts WCA with respect to the plaintiffs' subrogation rights. Greene v. Verven, supra, 610.
Therefore, the defendants' motion to dismiss is denied. CT Page 10976
BALLEN, J.